NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ALFIO & JENNIFER A. LEONE IV, :
:
        Plaintiffs, : Civil No. 14-695 (JAP)(DEA)
:
v. : **OPINION**
:
LANTANA INSURANCE LTD., :
:
        Defendant. :
:

PISANO, District Judge.

Plaintiffs, Alfio and Jennifer Leone IV ("Plaintiffs"), have brought this action against Defendant, Lantana Insurance Ltd. ("Defendant" or "Lantana"), relating to their claims for coverage under their Homeowner's Insurance Policy. Before the Court is a motion to dismiss Plaintiffs' demand for attorney's fees by Defendant Lantana [ECF No. 5]. This motion is unopposed. For the reasons set forth below, the Court grants Defendant's motion.

**I.    Background**

The following allegations are summarized from the Complaint, and must be taken as true in deciding this motion.[1] Plaintiffs purchased a Homeowner's Insurance Policy from Defendant Lantana. On or about October 29, 2012, Plaintiffs' home, located in Toms River, New Jersey (the "Insured Property"), suffered extensive wind damage as a result of Super Storm Sandy. Plaintiffs allege that Lantana has denied or partially denied Plaintiffs' insurance claim, despite evidence of wind damage that is separable from any flood damage to the Insured Property.

---

[1] *See Toys 'R' Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003); *Dayhoff, Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1301 (3d Cir. 1996).

On October 29, 2013, Plaintiffs filed suit against Lantana in the Superior Court of New Jersey, Law Division, Ocean County.  Plaintiffs' Complaint consists of a claim for declaratory judgment, breach of contract, and breach of the duty of good faith and fair dealing.  On January 31, 2014, Lantana removed the action to this Court under 28 U.S.C. § 1332.  Lantana now moves to dismiss Plaintiffs' demand for attorney's fees.

## II.     Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted."  When reviewing a motion to dismiss, courts must first separate the factual and legal elements of the claims, and accept all of the well-pleaded facts as true.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).  All reasonable inferences must be made in the Plaintiff's favor.  *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010).

In order to survive a motion to dismiss, the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This standard requires the plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted).  When assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.  Any legal conclusions are "not entitled to the assumption of truth" by a reviewing court.  *Id*. at 679.  Rather, "[w]hile legal conclusions can provide the framework of a

complaint, they must be supported by factual allegations." *Id*. *See also Fowler*, 578 F.3d at 210 (explaining that "a complaint must do more than allege a plaintiff's entitlement to relief").

### III.     Analysis

A federal court sitting in diversity should look to the law of the state in which they sit for guidance regarding attorney's fee awards, providing that the state law does not run counter to a federal statute or rule of court. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n. 31 (1975) (quoting 6 J. Moore, Federal Practice ¶ 54.77(2), pp. 1712–1713 (2d ed. 1974)). New Jersey follows the American Rule, under which "the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys fee from the loser." *Guarantee Ins. Co. v. Saltman*, 217 N.J. Super. 604, 609 (App. Div. 1987). This rule stems from the belief that "sound judicial administration will best be advanced if litigants bear their own counsel fees." Right to Choose v. Byrne, 91 N.J. 287, 316 (1982) (quotation omitted). There are three exceptions to the general rule against recovery of attorney's fees: (1) "where counsel fees are permitted by court rule or statute"; (2) "pursuant to a contract"; (3) "or where counsel fees are a traditional element of damages in a particular cause of action." *Guarantee Ins.*, 217 N.J. Super. at 610.

Here, Plaintiffs have alleged that Lantana issued them a first party property insurance policy, under which they submitted a claim for wind damage to the Insured Property. Their Complaint is based on the alleged failure to pay this first party property damage claim. Specifically, Count One seeks a declaration of Lantana's contractual obligations to pay Plaintiffs' first party property damage claim, Count Two alleges Lantana breached its insurance contract with Plaintiffs by failing to pay Plaintiffs' first party property damage claim, and Count Three alleges that Lantana has breached its duty of good faith and fair dealing in its handling of

Plaintiffs' claim.  Under each claim, Plaintiffs seek attorney's fees pursuant to N.J. Ct. R. 4:42-9(a)(6).

Under New Jersey Court Rule 4:42-9(a)(6), counsel fees are allowed "in an action upon a liability or indemnity policy of insurance, in favor of a successful claimant."  N.J. Ct. R. 4:42-9(a)(6).  Therefore, New Jersey courts have held that "[s]ince the intention of the Rule is to permit an award of counsel fees only where an insurer refuses to indemnify or defend its insured's third-party liability to another, generally, **it is not extended to permit counsel fees to its insured on a direct suit against the insurer to enforce a casualty or other first-party direct coverage**."  *Guarantee Ins.*, 217 N.J. Super. 604, 610–11 (emphasis added); *see also Shore Orthopaedic Grp., LLC v. Equitable Life Assur. Soc. of U.S.*, 397 N.J. Super. 614, 624 (App. Div. 2008) (affirming rejection of claim for counsel fees under Rule 4:42-9(a)(6) because the Rule "does not pertain to first party claims").  This Rule, therefore, does not permit the imposition of attorney's fees as a form of relief in a first party claim such as this.  Plaintiffs have provided no other grounds of express statutory authorization, an agreement, or an established exception under which they could receive counsel fees.  Accordingly, Plaintiffs' demand for attorney's fees must be dismissed.  *See Shore Orthopaedic*, 397 N.J. Super at 624; *Guarantee Ins.*, 217 N.J. Super. at 610–11.

**IV.  Conclusion**

For the reasons stated above, Lantana's motion to dismiss Plaintiffs' demand for attorney's fees is granted.  An appropriate Order accompanies this Opinion.

/s/ Joel A. Pisano  
JOEL A. PISANO, U.S.D.J.

Dated: September 2, 2014

4